UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN W. BAUMAN, et al.,**

    **Plaintiffs,**

    **v.**

**BANK OF AMERICA, N.A., et al.,**

    **Defendants.**

Case No. 2:14-cv-553
**JUDGE GREGORY L. FROST**
Magistrate Judge Abel

**OPINION AND ORDER**

    This matter is before the Court for consideration of Defendants Bank of America, N.A., Inc. (the "Bank"), Hudson City Savings Bank ("Hudson"), and Mortgage Electronic Registration Systems, Inc.'s motion to dismiss (ECF No. 6), Plaintiffs' response in opposition (ECF No. 8), and Defendants' reply memorandum (ECF No. 11).  For the reasons that follow, the Court **GRANTS** the motion and **DISMISSES** Plaintiffs' complaint.

    **I.  BACKGROUND**

    In 2004, Plaintiffs Brian and Cynthia Bauman purchased property in Delaware County, Ohio (the "Property").  Plaintiffs financed the Property through a note (the "Note"), which was secured by a mortgage (the "Mortgage") on the Property.

    In July of 2010, the Bank (through its predecessor, BAC Home Loan Servicing, L.P.) filed a foreclosure action against Plaintiffs in the Delaware County Court of Common Pleas ("Foreclosure Action").  The Bank dismissed the Foreclosure Action before judgment was

1

entered in favor of either party.

In October of 2012, Plaintiffs filed a lawsuit with this Court alleging that the Bank violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") ("FDCPA Action").[1]  Plaintiffs subsequently amended their complaint to add Hudson, the purported holder of the Note, as a defendant.  Plaintiffs alleged that the Bank and Hudson violated the FDCPA by making false, deceptive, or misleading representations about their ownership interests in the Note and Mortgage during the Foreclosure Action.  Plaintiffs also alleged that the Bank continued to misrepresent its ownership interest in the Note in subsequent correspondence with Plaintiffs.

The Court sided with the Bank and Hudson.  In an order dated May 9, 2014, the Court found that Hudson was the holder of the Note and that the Bank was the Mortgage servicer.  The Court also found that the Bank had been servicing the Mortgage prior to Plaintiffs' default.  As such, neither the Bank nor Hudson was a "debt collector" subject to the provisions of the FDCPA.

Approximately one month later, Plaintiff filed a second lawsuit with this Court.  In that complaint, which is the subject of this Opinion and Order, Plaintiffs requested declaratory relief stating that Defendants (the Bank, Hudson, and Mortgage Electronic Registration Systems, Inc.) were precluded from bringing a future foreclosure action.  Plaintiffs' theory of this case is that Defendants waived their right to pursue any such action by not asserting it as a compulsory counterclaim in the FDCPA Action.  Plaintiffs also requested an order quieting title to the Property in their favor.

Defendants moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil

---

[1] The case is *Bauman v. Bank of America, N.A.*, Case No. 2:12-cv-933 (S.D. Ohio filed Oct. 12, 2012).

Procedure 12(b)(6) on the ground that a foreclosure action was not a compulsory counterclaim in the FDCPA Action such that Defendants did not waive their right to pursue any such action. The motion is now ripe for the Court's consideration.

## II. ANALYSIS

### A. Standard of Review

Dismissal pursuant to Rule 12(b)(6) is proper if the complaint fails to state a claim upon which the court can grant relief. Fed. R. Civ. P. 12(b)(6). A court analyzing a Rule 12(b)(6) motion to dismiss may consider the complaint, public records, and documents central to the claim that are referenced in the complaint. *Basset v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must construe the pleading in favor of the party asserting the claim, accept the factual allegations contained therein as true, and determine whether those factual allegations present a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A court need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Plaintiffs' complaint in this case is somewhat unique in that their claims for relief depend entirely on public records (i.e., documents filed in the Foreclosure Action and in the FDCPA Action) and their legal arguments concerning those records. There are very few (if any) factual allegations that the Court must assume as true for purposes of this Opinion and Order. Given that fact, Plaintiffs' references throughout their brief to Rule 8's liberal pleading standards, to the well-pleaded factual allegations in the complaint, and to a plaintiff's "minimal" burden to survive a motion to dismiss are misplaced and do not impact the Court's analysis.

3

### B. Compulsory Counterclaims under Federal Rule of Civil Procedure 13(a)

The issue in this case is simple: did Defendants waive their rights to collect on the Note and enforce the Mortgage in the future by not asserting those rights as a compulsory counterclaim in the FDCPA Action? The Court finds that Defendants did not waive any such rights. Plaintiffs therefore are not entitled to declaratory relief or an order quieting title in their favor. The following analysis supports the Court's conclusion.

Rule 13(a) provides, in relevant part:

(a) Compulsory Counterclaim.
> (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
>> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Consistent with the rule's plain language, "[i]t is well established that failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir. 1991).

Courts have rejected a literal application of Rule 13(a) and focus instead on whether there exists a "logical relationship" between the claim and counterclaim. *Maddox v. Ky. Fin. Co.*, 736 F.2d 380, 383 (6th Cir. 1984). The focus of the "logical relationship" test is "whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Sanders*, 936 F.2d at 277 (citing *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593 (1926)).

4

The Sixth Circuit's opinion in *Maddox v. Kentucky Finance Co*, 736 F.2d 380, 383 (6th Cir. 1984), is at the heart of this dispute. In *Maddox*, the defendant loaned money to the plaintiffs and secured the loan with an interest in the plaintiffs' property. 736 F.2d at 382. The plaintiffs later filed a lawsuit claiming that the defendant violated the Truth in Lending Act ("TILA") by making misleading disclosures in connection with the loan. *See id*. The issue before the Sixth Circuit was whether the defendant's claim for the unpaid balance under the loan was a compulsory counterclaim to the plaintiffs' TILA claim. *See id*.

The court held that the debt claim was a permissive rather than a compulsory counterclaim. *Id*. After acknowledging that the debt claim and the TILA claim "arise out of the same transaction within the literal terms of Rule 13(a)," the court concluded that the claims were not logically related. *Id*. at 383. The court was persuaded by a Fourth Circuit case holding that TILA claims do not involve the obligations created by the contract (instead, they involve a federal policy regarding disclosure) and therefore involve different issues of fact and law than the debt claim. *See id*. at 382 (discussing *Whigham v. Beneficial Fin. Co. of Fayetteville*, 599 F.2d 1322 (4th Cir. 1979)). The *Maddox* court similarly found that "[t]he claim and counterclaim will present entirely different legal, factual, and evidentiary questions" and that it was unclear whether the interests of judicial economy would be served by requiring the two claims to be heard together. *Id*. at 383.

This Court finds that *Maddox* is closely analogous if not directly relevant to the facts of this case. Applying the *Maddox* court's reasoning to the facts of this case, a foreclosure action

5

would have been a permissive rather than a compulsory counterclaim to Plaintiffs' FDCPA Action. Rule 13(a) therefore does not apply.

Plaintiffs' attempt to distinguish *Maddox* is not persuasive. The crux of Plaintiffs' argument appears to be that, in the FDCPA Action, the parties litigated the issue of whether Defendants had an ownership interest in the debt, which also will be an element of any subsequent foreclosure action. But that factual overlap does not render the two claims logically related for purposes of Rule 13(a). A comparison of the factual and legal issues raised by each claim illustrates that conclusion.

In the FDCPA Action, the question was whether the Bank and Hudson violated the FDCPA. The legal issues, which were governed by the statutory language and federal law interpreting that language, included whether the Bank and Hudson were "debt collectors" within the meaning of 15 U.S.C. § 1692a(6) and, if so, whether their conduct violated 15 U.S.C. § 1692e. Relevant facts included Hudson's ownership interest in the Note (to determine whether Hudson was exempted from the statute's definition of "debt collector"), the date on which the Bank became the Mortgage servicer and the date on which Plaintiffs defaulted on the Note (to determine whether the Bank was a mortgage servicer prior to default such that it similarly was exempted from the statute's definition of "debt collector"), and the representations made by each during the Foreclosure Action and in subsequent correspondence with Plaintiffs (to determine whether those representations were "false, deceptive, or misleading" under the statute). Relevant policy considerations involved the process by which collection entities collect debt.

None of those legal questions or policy considerations is relevant to a foreclosure action. To the contrary, the legal issues in any such action will be governed by state law and will involve the obligations created by the underlying contract. Relevant policy considerations will be unrelated to debt collection methods.

Many of the facts relevant to the FDCPA Action (such as the Bank's and Hudson's representations during the first Foreclosure Action, for example) would likewise be irrelevant in a subsequent foreclosure action. And, conversely, many of the facts that would be relevant in a subsequent foreclosure action (such as Plaintiffs' payment history, the amount they owe under the Note and the value of the secured Property) were not at issue in the FDCPA Action.

The Court therefore concludes that the FDCPA claim and the debt claim present different legal, factual, and evidentiary questions. The two claims are not logically related such that Rule 13(a) does not apply. *See Maddox*, 736 F.2d at 383.

The Court acknowledges that one element of a subsequent foreclosure action—the issue of standing—may, if raised, involve facts that overlap with facts relevant to the "debt collector" portion of the FDCPA analysis. But the focus of this Rule 13(a) analysis is not whether any facts will overlap between the two claims. The focus is whether the two claims present factual and legal issues that are "largely the same" such that "substantially the same evidence would support or refute both claims." *Sanders*, 936 F.2d at 277 (citing *Moore v. N.Y. Cotton Exch*., 270 U.S. 593 (1926)); *Maddox*, 736 F.2d at 382. Given the differences discussed above, the Court cannot conclude that the two claims are logically related. *See Maddox*, 736 F.2d at 382; *accord Peterson v. United Accounts, Inc*., 638 F.2d 1134 (8th Cir. 1981) (discussing a case involving a

7

debt claim and one involving an FDCPA claim and stating, "[a]lthough there is some overlap of issues raised in both cases . . . the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts"); *Wells Fargo Bank, N.A. v. Lee*, 20 N.E.3d 1236, 2014-Ohio-4514, at ¶ 41 (6th Dist.) (holding that an FDCPA claim and a foreclosure action were not logically related under Rule 13(a) and stating, "[t]he earlier action merely decided whether the [plaintiffs] had a valid defense to enforcement of the note and mortgage").

Plaintiffs' remaining arguments are equally unavailing. Plaintiffs spend most of their brief arguing that the FDCPA claim and a subsequent foreclosure action are related within the literal meaning of Rule 13(a), but the *Maddox* court's analysis squarely rejects that argument. *See* 736 F.2d at 383 (acknowledging that the TILA claim and the debt claim arose out of the same transaction "within the literal terms of Rule 13(a)" but holding that they were not logically related). Plaintiffs also cite *Sanders v. First National Bank & Trust Co. in Great Bend*, 936 F.2d 273 (6th Cir. 1991) in support of their position, but *Sanders* does not contradict *Maddox* or the Court's conclusion in this case. *See* 936 F.2d 273 (holding that a trustee's claims for fraud, duress, wrongful collection of notes and breach of the duty of good faith were compulsory counterclaims to a debt collection action because the two claims involved largely the same issues of fact and the same evidence).[2]

---

[2] Even if *Sanders* did control this case, Plaintiffs' analysis of *Sanders* is flawed. Contrary to Plaintiffs' position, the Court's statement in the FDCPA Action that Plaintiffs' remedy for misrepresentations in the Foreclosure Action "lay in that lawsuit," *Bauman v. Bank of America, N.A*., Case No. 2:12-cv-933 (S.D. Ohio filed Oct. 12, 2012) (ECF No. 35, at 12 n.5), is irrelevant to this analysis. The focus of this analysis is not on any defenses or claims the parties should have raised in the Foreclosure Action, but is instead on whether a second foreclosure action should have been pleaded as a counterclaim in the FDCPA Action. Plaintiffs' attempt to analogize the Court's statement in the FDCPA Action to the Sixth Circuit's holding in *Sanders* confuses the issues and does not support their position.

For those reasons, the Court concludes that a foreclosure action was not a compulsory counterclaim to the FDCPA Action.  Defendants therefore did not waive their right to pursue a foreclosure action by failing to plead it as a counterclaim in the FDCPA action.  The Court need not reach the parties' arguments about whether the Bank and Hudson are entitled to enforce the Note and Mortgage every time Plaintiffs default.

Having found that Defendants did not waive their right to pursue a foreclosure action, the Court finds that Plaintiffs are not entitled to the declaratory relief they seek.  The Court therefore **GRANTS** Defendants' motion to dismiss Count One of Plaintiffs' complaint.

Plaintiffs' claim for quiet title is entirely dependent on their claim for declaratory relief.  As such, having found that Plaintiffs are not entitled to declaratory relief, the Court similarly finds that they are not entitled to an order quieting title in their favor.  The Court therefore **GRANTS** Defendants' motion to dismiss Count Two of Plaintiffs' complaint.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' complaint.  (ECF No. 6.)  The Clerk is **DIRECTED** to enter judgment accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE